United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 22, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

---

No. 05-40078
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN ROMAN-NOYOLA,

Defendant-Appellant.

---

**Appeal from the United States District Court
for the Southern District of Texas
(5:04-CR-1348-ALL)**

---

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Juan Roman-Noyola appeals the sentence imposed upon his guilty-plea conviction for illegal reentry. *See* 8 U.S.C. § 1326. Roman claims the district court reversibly erred under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), by sentencing him pursuant to a mandatory application of the Sentencing Guidelines. There was no *Booker* error (Sixth-Amendment violation) because the only enhancement to Roman's sentence was for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his prior conviction. *See id.*, 125 S. Ct. at 756, 769. Instead, the district court committed *Fanfan* error by sentencing Roman under a mandatory guidelines scheme. *See United States v. Walters*, 418 F.3d 461, 463-64 (5th Cir. 2005).

The Government concedes Roman preserved his *Fanfan* claim. As such, we review for harmless error. *See id.* at 464. This court has rejected that *Fanfan* error is structural. *See id.* at 463.

The record does not show the district court would have imposed the same sentence had the guidelines been advisory rather than mandatory. The Government has not satisfied its burden of showing the *Fanfan* error was harmless beyond a reasonable doubt. *See id.* at 463-64. Accordingly, we vacate Roman's sentence and remand for resentencing in accordance with *Booker*.

Roman next asserts that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional on their face, and as applied in his case, in the light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Roman's constitutional challenge is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Although Roman contends that case was incorrectly decided and that a majority of the Supreme Court would overrule it in the light of *Apprendi*, we have repeatedly rejected such contentions on the basis that *Almendarez-Torres* remains binding. *See United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th

2

Cir.), *cert. denied*, 126 S. Ct. 298 (2005). Roman concedes this claim is foreclosed in the light of **Almendarez-Torres** and circuit precedent; he raises it to preserve it for further review.

***CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING***